UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERMIA CONNER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 25-509** |
| | * | |
| **DOORDASH, INC, ET AL.** | * | **SECTION "L"** |
| | * | |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Ermia Conner ("Plaintiff"). R. Doc. 9. Defendant DoorDash, Inc. ("DoorDash") opposes the motion. R. Doc. 11. After considering the record, briefing, and applicable law, the Court now rules as follows.

**I.     BACKGROUND**

On or about September 16, 2023, Plaintiff alleges that Bri'Che Xiang Kirklin—a DoorDash driver operating within the course and scope of her employment—failed to yield to traffic and struck Plaintiff's vehicle when attempting to turn right on Elysian Fields Avenue in New Orleans, Louisiana. R. Doc. 1-2. Plaintiff subsequently filed a personal injury suit in state court, asserting a negligence claim against DoorDash under a theory of vicarious liability as well as its insurer Crum & Forster Insurance Company. *Id.* On March 14, 2025, DoorDash removed the case to this Court on the basis of diversity jurisdiction. R. Doc. 1. DoorDash claims that removal is proper because the amount in controversy was met when DoorDash received a written demand on March 5, 2025, indicating Plaintiff's damages exceeded $75,000. *Id*. at 4. Regarding diversity of citizenship, DoorDash asserts that complete diversity exists because Plaintiff is a citizen of Louisiana; DoorDash is a citizen of California and Delaware; and Crum and Forster Specialty Insurance Company is a citizen of Delaware and New Jersey. *Id*. at 3.

1

## II.     PRESENT MOTION

In the present motion, Plaintiff moves to have this case remanded back to state court on the grounds that DoorDash's removal of this matter was untimely. R. Doc. 9-1. While she concedes that the requirement of complete diversity is met here, Plaintiff argues that DoorDash was required to remove this case within thirty days of receiving her initial settlement demand letter via email on December 19, 2024. *Id.* This letter outlined Plaintiff's medical diagnosis and expenses to date totaling $15,165.50 as well as known future medical expenses totaling $9,920. R. Doc. 9-3 at 1-2. Additionally, the letter listed several Louisiana state court cases involving lumbar injuries from car collisions that resulted in awarded damages between $300,000-$1,000,000. *Id*. at 2-3. Lastly, the letter included an offer to settle the case for $195,000 "inclusive of all damages in order to resolve her claims at this juncture." *Id.* at 3. Plaintiff contends that this information, taken together, made it "unequivocally clear and certain" to DoorDash that she is seeking more than $75,000 in damages. R. Doc. 9-1. As such, it is her position that the December 19, 2024 demand letter qualifies as an "other paper" under 29 U.S.C. § 1446(b)(3), and that DoorDash had thirty days from that date—*i.e.*, January 19, 2025—to remove this case but did not do so until March 14, 2025, making the filing of its notice of removal untimely by fifty-four days.[1] *Id.*

In opposition, DoorDash asserts that Plaintiff's December 19, 2024 demand letter amount of $195,000 was only "puffing and posturing" and otherwise unsupported by evidence, such that it "did not demonstrate that the amount in controversy exceeded the $75,000 threshold." R. Doc. 11 at 2, 6. More specifically, it argues that Plaintiff's listed amount of damages and treatment up until that point were "insufficient to support the demand" and thus not "unequivocally clear and

---

[1]     In the alternative, Plaintiff argues that removal was untimely because the thirty-day window began when Defendant was served with the Amended Petition on January 29, 2025. R. Doc. 9-1 at 5. The Court, however, need not reach this issue as explained below.

2

certain" for the purposes of removal. *Id.* Instead, DoorDash contends that its thirty-day time window for removal began to run at the earliest on March 5, 2025, when it received via email Plaintiff's last settlement letter. *Id.* It claims that the March 5, 2025 letter, rather than Plaintiff's previous one, triggered the removal clock because Plaintiff had more recently provided DoorDash with written answers to interrogatories that made clear that she was claiming additional damages in lost wages and future loss of earning capacity. *Id.* Under this interpretation of the facts, DoorDash would have then had until April 5, 2025 to remove the case, which it appears to have met due to the filing of its notice of removal on March 14, 2025. *Id.* DoorDash thus requests this Court to find it has jurisdiction and deny Plaintiff's request for remand. *Id.* at 6.

### III. APPLICABLE LAW

The applicable removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court and be based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, remand is proper if at any time the court lacks subject

3

matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). A defendant attempting to remove a case to federal court may demonstrate the amount in controversy by "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgement type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

In circumstances such as the case here where the plaintiff's initial pleading itself does not indicate the matter is removable at first instance, 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[2] Importantly, courts have interpreted the statute's "ascertained" requirement to mean that the "other paper" at issue must be "unequivocally clear and certain" as to the amount in controversy in order to trigger the thirty-day removal period. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211-12 (5th Cir. 2002). Furthermore, the other paper "must result from a voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now supports federal jurisdiction." *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). Indeed, "evidence [produced by] the defendant" or

---

[2] The Court notes that Plaintiff's initial state court petition does not state a specific amount of damages that would have indicated this matter meets the amount in controversy requirement for diversity jurisdiction as required by La. Code Civ. Proc. art. 893(A)(1), which provides that "[n]o specific monetary amount of damages shall be included in the allegations or partyer for relief of any original, amended, or incidental demand."

4

"the defendant's subjective knowledge" cannot begin the clock for removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Courts have held that various forms of post-petition exchanges between counsel constitute "other paper" that may serve to start the removal clock, including emails, settlement demand letters, and responses to discovery. *Addo*, 230 F.3d at 762; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Credeur v. York Claim Serv.*, No. 13-cv-01367, 2013 WL 5935477, at *5 (W.D. La. Sept. 9, 2013).

IV.  **ANALYSIS**

The outcome of the present motion turns on whether Plaintiff's December 19, 2024 letter triggered the thirty-day removal period, such that DoorDash's notice of removal filed on March 14, 2025 was untimely. With this in mind, the Court proceeds accordingly.

   a. **Plaintiff's December 19, 2024 Letter Was Not "Plainly a Sham" and Thus Triggered the Thirty-Day Removal Period.**

Plaintiff claims that her initial December 19, 2024 settlement demand letter is an "other paper" that was "unequivocally clear and certain" as to the amount in controversy. Upon inspection of this document, the Court agrees. Indeed, the December 19, 2024 letter plainly states that Plaintiff is seeking to settle her claims for $195,000, which is clearly in excess of the $75,000 threshold for diversity jurisdiction. R. Doc. 9-3. However, the removal inquiry here does not end in such short fashion. Unlike other forms of correspondence that qualify as "other paper" under § 1446(b)(3), post-complaint settlement demand letters have an extra procedural hurdle that must be surpassed in order to effectively initiate the removal time window. As explained by the Fifth Circuit in its lead case on this issue—*Addo v. Globe Life & Accident Ins. Co.*, a post-complaint letter may be used as evidence to satisfy the amount-in-controversy requirements, so long as the letter is "not plainly a sham." 230 F.3d at 762. In other words, "[s]ettlement demand letters evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of her claim." *Marullo v.*

5

*Dollar Gen. Corp.*, No. 14-01131, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014). As such, a demand that constitutes "mere posturing" and "does not reflect the honest value of the case" will not trigger the removal period. *Russell v. Home State Cnty. Mut. Ins. Co.*, No. 03-1911, 2003 WL 22697179, at *2 (E.D. La. Nov. 10, 2003); *see also Guidry v. Dow Chem. Co.*, No. 19-12233, 2019 WL 4509490, at *1 (E.D. La. Sept. 19, 2019) (speculative and hyperbolic demand did not automatically trigger the removal period).

On this note, DoorDash seemingly attempts to characterize Plaintiff's December 19, 2024 letter as "plainly a sham" that did not serve to start the removal period, noting the lack of evidentiary support for the stated demand. In light of the applicable case law, however, the Court must disagree. Contrary to DoorDash's position, the Court notes that whether a plaintiff has definitive evidentiary support to back up his or her demand is not dispositive in evaluating whether the letter is "plainly a sham." *See Drouilhet v. Berkowitz*, No. 24-367, 2024 WL 1231328, at *5 (E.D. La. Mar. 22, 2024). Indeed, such a requirement would be absurd given Plaintiff bears no burden to prove her damages at this stage of the proceedings, and DoorDash notably fails to cite any case law that stands for such a proposition. *Id*. Rather, courts in this circuit have found the more appropriate inquiry to be that settlement demands are *not* "plainly a sham" where a plaintiff's letter: (1) conveys seriousness in the communication of the offer, (2) recites their alleged injuries, (3) computes their alleged damages suffered, and (4) sets out a final settlement demand. *Cole v. Knowledge Learning Corp.*, No. 09-2760, 2009 WL 1269591, at *4 (E.D. La. May 6, 2009), *aff'd*, 416 F. App'x 437 (5th Cir. 2011) (holding that a letter that recited plaintiff's alleged injuries, computed the alleged special damages suffered, and then set out a demand was "not plainly a sham," explaining that there was "no indicia of posturing or a lack of seriousness in the communication of [the] offer"); *see also Russell*, 2003 WL 22697179, at *2 (holding that a

6

settlement demand was not plainly a sham where plaintiff's counsel offered to settle the case at $150,000 and informed the defendant that he has "gotten as much as $175,000" for similar injuries"). As explained above, Plaintiff's December 19, 2024 letter here does exactly this in leading up to her $195,000 settlement request. R. Doc. 9-3. In fact, the letter goes even further in support of the demand than what is typically required by citing multiple state court cases where plaintiffs have received damages awards totaling over $300,000 under similar facts. *See Addo*, 230 F.3d at 762 (holding a plaintiff's three-sentence demand letter that sought 50 times the amount offered by defendant with no explanation for higher offer constituted an "other paper" that triggered the removal clock). These efforts, the Court finds, are more than sufficient to indicate to DoorDash that Plaintiff's demand was a serious offer that was beyond that of mere posturing or puffery, "relaying an accurate reflection of what [she] believes the case to be worth." *Russell*, 2003 WL 22697179, at *3; *see also Waters v. Lowe's Home Ctrs., LLC*, No. 18-12419, 2019 WL 1785610, at *1 (E.D. La. Apr. 24, 2019) (holding "[f]ederal courts give significant weight to the value plaintiffs attach to their claims").

A quick comparison between Plaintiff's initial December 19, 2024 demand letter and her March 5, 2025 demand letter that DoorDash claims actually triggered the removal period lends further support to the Court's reasoning. Both the December and March settlement letters are almost exactly alike and set forth the same demand amount of $195,000. *Compare* R. Doc. 9-3 *with* R. Doc. 1-3. The only difference is that DoorDash had the benefit of Plaintiff's discovery responses by the time it received the March 5, 2025 letter, which it alleges incorporates new damages. But the inclusion of these new damages is immaterial in light of the Court's finding that Plaintiff's December 19, 2024 letter represented a good-faith offer to settle that was grounded in case law and was thus not "plainly a sham." DoorDash waiting until March 14, 2025 to remove

7

this case when it could have just as easily ascertained from Plaintiff's December letter that her damages exceeded $75,000 is not in spirit with the removal statute, which is designed to "encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit." *Addo*, 230 F.3d at 762. Accordingly, the Court concludes that Plaintiff's December 19, 2024 letter constitutes an "other paper" under § 1446(b)(3) that triggered the thirty-day removal clock on that date, making the filing of DoorDash's notice of removal on March 14, 2025 untimely.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Ermia Conner's Motion to Remand, R. Doc. 9, is **GRANTED**. This case is remanded back to state court for further proceedings.

New Orleans, Louisiana, this 1st day of July, 2025.

*Eldon E. Fallon*